# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNE HARP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | **SA-08-CV-0655 FB (NN)** |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION ON MOTION TO REMAND

**TO:   Hon. Fred Biery**
**United States District Judge**

This report and recommendation addresses plaintiff Joanne Harp's motion to remand.[1]  I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2]  After considering the motion and response, I recommend denying the motion to remand.

### Nature of the Case and Procedural Background

Harp filed this case in state court in the 38th Judicial District, Medina County, Texas.[3] Harp complained that defendant Liberty Mutual Insurance Company (Liberty) breached its duty

---

[1]Docket entry # 4.

[2]Docket entry # 2.

[3]Docket entry # 1, exh A.

of good faith and fair dealing by denying or delaying her claim for workers' compensation

benefits after she sustained an on-the-job injury.[4]  Liberty timely removed the case to this court.[5]

Liberty asserted that diversity jurisdiction exists.  Liberty explained that although 28 U.S.C.

1445(c) precludes the removal of civil actions arising under state workmen's compensation laws,

Harp's claim is removable under Fifth Circuit case law permitting removal of claims for breach

of the duty of good faith and fair dealing.[6]  Harp has asked the court to remand this case, arguing

that Liberty failed to demonstrate that the amount in controversy exceeds $75,000.00.

## Applicable Standards

Federal courts possess diversity jurisdiction in cases involving controversies between

citizens of different states with an amount in controversy exceeding $75,000.00.[7]  A defendant

seeking to remove a case to federal court "bears the burden of establishing federal jurisdiction

over the state-court suit."[8]  This is because removal deprives a state court of jurisdiction over an

action properly before it, raising "significant federalism concerns . . . which mandate strict

construction of the removal statute."[9]  Once a plaintiff moves to remand, the defendant must

---

[4]*Id.*

[5]Docket entry # 1.

[6]*See Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996) (explaining that an employee's claims against a workers' compensation insurance carrier "for breach of the duty of good faith and fair dealing are *not* immunized against removal to federal court" by 28 U.S.C. § 1445(c)).

[7]28 U.S.C. § 1332(1).

[8]*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[9]*Id.* at 365–66 (citation omitted).

prove the existence of federal court jurisdiction and show why removal is proper.[10]  If the defendant does not provide sufficient evidence justifying removal, "any doubt as to the propriety of removal [must be resolved] . . . in favor of remand."[11]

There are exceptions to a federal court's general removal jurisdiction, including when "an Act of Congress expressly prohibits removal."[12]  Section 1445(c) applies to most claims involving state workers' compensation.  The statute provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State *may not be removed* to any district court of the United States."[13]  This statutory prohibition against removal does not apply in this case because Harp has alleged that Liberty breached its duty of good faith and fair dealing. The Fifth Circuit determined in *Patin v. Allied Signal*[14] that an employee's claims against a workers' compensation insurance carrier "for breach of the duty of good faith and fair dealing are *not* immunized against removal to federal court" by section 1445(c).[15]  The court based this ruling on the Supreme Court of Texas's recognition that a suit for breach of the duty of good faith and fair dealing does not arise under the Texas Worker's Compensation Act (TWCA), but under the common law.[16]  The court recognized that "damages for breach of good faith and fair

---

[10]*Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

[11]*In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (footnote omitted).

[12]*Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (citing 28 U.S.C. § 1441(a)).

[13]28 U.S.C. § 1445(c) (emphasis added).

[14]*Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996).

[15]*Patin*, 77 F.3d at 784.

[16]*Id.* at 787.

3

dealing are not measured by reference to the exclusive remedy provision of the TWCA."[17]  Thus, the question in this case is whether Liberty demonstrated that the amount in controversy exceeds $75,000.00.  As the removing party, Liberty must prove by a must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[18]

### Whether the Amount in Controversy Exceeds $75,000

Where the amount in controversy is not facially apparent from the plaintiff's complaint, "a removing [party] may support federal jurisdiction by setting forth the facts in controversy—preferably in the removal petition . . . ."[19]  Here, Liberty asserted in its notice of removal that it has paid $48,810.32 in income and medical benefits and denied Harp's claim for more than $60,000.00 for installation of a pool and water heater.  Harp did not dispute this assertion.[20]  The  $48,810.32 in paid benefits is not important in determining whether the jurisdictional limit is met because that amount is not in controversy, but Harp's claim for $60,000.00 for installation of a pool and water heater is important because Harp seeks the "full amount of benefits wrongfully withheld."[21]  Although this amount is $15,000.00 less than the jurisdictional limit for diversity jurisdiction, Harp also seeks: (1) lost interest or appreciation on monies or assets used to satisfy costs or obligations which she maintains should have been paid

---

[17]*Id.* at 788.

[18]*Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 882-83 (5th Cir. 2000).

[19]*Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).

[20]*See* docket entry # 4 (stating only that Liberty did not demonstrate that the amount in controversy exceeds $75,000.00).

[21]Docket entry # 1, exh. A, p. 2.

4

under the insurance policy, (2) the cost of securing alternate funds to satisfy cost or obligations which she maintains should have been paid, (3) damages for mental anguish, (4) damages for injury to credit and credit reputation, (5) reasonable and necessary attorney's fees, (6) punitive damages, (7) damages for pain and suffering and physical disability resulting from the alleged deterioration in her condition caused by the failure to provide medical benefits, and (8) an eighteen per cent penalty under the Texas Insurance Code.[22]  These damages more than likely exceed $15,000.00, making the amount in controversy in excess of $75,000.00.  In sum, defendant has shown by a preponderance of the evidence that the actual amount in controversy exceeds $75,000.00, and plaintiff has not demonstrated to a legal certainty that the $75,000.00 jurisdictional limit will not be exceeded. Therefore, plaintiff's motion to remand on the basis that the amount in controversy does not exceed $75,000.00 should be denied.

**Recommendation**

Because Liberty has shown that the jurisdictional limit for diversity jurisdiction is met, I recommending DENYING Harp's motion to remand (docket entry # 4).

**SIGNED** on September 11, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[22]*See* docket entry # 1, exh. A, p. 2.  Harp also seeks court costs and prejudgment and post-judgment interest, but those costs are not considered when determining the amount in controversy. *See* 28 U.S.C. § 1332(a) (requiring an amount in controversy in excess of $75,000.00, exclusive of interest and costs).