UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOANNE HARP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | SA-08-CV-0655 FB (NN) |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS

**TO:** Hon. Fred Biery
United States District Judge

This report and recommendation addresses defendant Liberty Mutual Insurance Company's (Liberty) motion to dismiss.[1] Previously, the district judge accepted my recommendation on plaintiff Joanne Harp's motion to remand[2] and determined that the case is properly in federal court. Since that time, Liberty moved to dismiss the case for lack of subject matter jurisdiction, Harp obtained counsel,[3] and Harp twice amended her complaint.[4] The motion to dismiss is now ripe for disposition. I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my

---

[1] Docket entry # 12.

[2] Docket entry # 21.

[3] Docket entry # 16.

[4] Docket entry #s 22 & 28.

authority as a Magistrate Judge is statutorily constrained.[5] After considering the motion and response, I recommend denying the motion to dismiss.

Initially, Harp complained that Liberty breached its duty of good faith and fair dealing by denying or delaying Harp's claim for workers' compensation benefits after Harp sustained an on-the-job injury.[6] Although she alleged that she "duly filed a claim for workman's compensation benefits,"[7] Harp did not detail her allegations or indicate the status of her workers' compensation claim. In response, Liberty argued that the district court lacked subject matter jurisdiction because Harp failed to plead facts indicating she had exhausted her administrative remedies. In the alternative, Liberty asked for a more definitive statement. Liberty sought specific factual statements describing its alleged wrongful conduct and specifying legal duties Harp maintains Liberty violated.

In Texas, an injured employee seeking workers' compensation benefits must exhaust her administrative remedies by having the Texas Workers' Compensation Commission (TWCC) first determine her entitlement.[8] A trial court lacks jurisdiction to consider a workers' compensation matter unless the TWCC has issued a final ruling on that matter.[9]

In her second amended complaint, Harp clarified the nature of her allegations and made it

---

[5] Docket entry # 2.

[6] Docket entry # 1, exh. A.

[7] *Id*.

[8] *See Cigna Ins. Co. of Tex. v. Killion*, 50 S.W.3d 17, 19-20 (Tex. App.—Amarillo 2001, no pet.), judgment corrected on rehearing.

[9] *Id*. at 19.

2

clear that the TWCC had issued a final ruling on the matters central to this case and that she sought damages resulting from those matters. Harp alleged that Liberty wrongfully delayed and denied her claims for benefits after she sustained an on-the-job injury.[10] She explained that although she ultimately obtained an order from the TWCC directing Liberty to pay benefits, the initial denial and delay in paying benefits caused her significant economic impact, worry, distress and continuing economic and independent physical damage that would have been avoided if Liberty had paid her in a timely manner.[11] Harp complained that Liberty "persisted in its wrongful attempts to delay and deny benefits until a final order rejecting their wrongful denials and exhausting all administrative remedies was entered February 12, 2007."[12] Harp attached a copy of a decision by the TWCC, determining that Harp's compensable injury includes "complexs regional pain syndrome (CRPS) of the right leg and hip, chronic femoral pain syndrome, and right knee bursitis. . ."[13] and ordering Liberty to pay benefits based on those injuries. These allegations demonstrate the district court has jurisdiction because they show the TWCC issued a final ruling on the matters that serve as the basis of Harp's claims. Consequently, I recommend denying Liberty's motion (docket entry # 12).

As for Liberty's motion for a more definite statement, the amended complaint details Harp's allegations and specifies alleged legal duties. The allegations were sufficient for Liberty

---

[10]Docket entry # 25, ¶ 3.2.

[11]*Id.* at ¶¶ 3.2-3.3.

[12]*Id.* at ¶ 3.2.

[13]*Id.*, exh. C, p. 2-3.

3

to file an amended answer,[14] although Liberty pleaded the affirmative defense of failure to exhaust administrative remedies. At this point, it does not appear that Harp pursues an unexhausted matter.[15] If at some later point, Harp appears to pursue a matter that was not considered by the TWCC, the court can dismiss a claim related to an unexhausted matter. Until that time, Harp has alleged sufficient detail to show the court has jurisdiction and enable Liberty to answer. I recommend denying the request for a more definite statement (docket entry # 21).

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[16] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de*

---

[14]Docket entry # 30.

[15]*See* docket entry # 23.

[16]28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

*novo* determination by the district court.[17] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[18]

**SIGNED** on January 16, 2009.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[17]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[18]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).